| | | |
|---|---|---|
| | AUSA:  DePorre | Telephone: (810) 766-5177 |
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent:  Sutara, ATF | Telephone: (810) 341-5710 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.
Anthony Zymere Brown,

Case: **4:25-mj-30622**
Assigned To : **Unassigned**
Assign. Date : **10/1/2025**
Description: **USA v. SEALED (MC)**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 21, 2025__ in the county of __Genesee__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951 | Interference with comerce by robbery |
| 18 U.S.C. § 924(c) | Use of a firearm during and in relation to a crime of violence |

This criminal complaint is based on these facts:

There is probable cause that on or about May 21, 2025, Anthony Zymere Brown commited a violation of 18 U.S.C. § 1951 ( Interference with comerce by robbery) and 18 U.S.C. § 924(c) (Use of a firearm during and in relation to a crime of violence).

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Nathan Sutara, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

_____
*Judge's signature*

Date: October 1, 2025

City and state: Flint, MI

Curtis Ivy, Jr., United States Magistrate Judge
*Printed name and title*

Case: 4:25−mj−30622
Assigned To : Unassigned
Assign. Date : 10/1/2025
Description: USA v. SEALED (MC)

# AFFIDAVIT

I, Nathan Sutara, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been since May 2018. I am currently assigned to the Detroit, Michigan Field Division, Flint Field Office. I am tasked with investigating violations of firearms and narcotics laws. Before working with ATF, I was employed by the Michigan Department of State Police (MSP) for approximately 5 years. I held several positions with MSP, including Detective/Trooper with the Major Case Unit in Saginaw, Michigan. During this employment, I investigated numerous incidents involving robberies, shootings, and homicides as well as violations of state and federal firearms laws.

2.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the Criminal Complaint and arrest warrant and does not set forth all of my knowledge about this matter.

3.      Based on the facts set forth in this affidavit, there is probable cause to believe that on May 21, 2025, in the Eastern District of Michigan Anthony Zymere

1

Brown committed violations of 18 U.S.C. § 1951 (interference with commerce by robbery) and 18 U.S.C. § 924(c) (use of a firearm during and in relation to a crime of violence).

## SUMMARY

4. On May 21, 2025, four armed men entered a home in Flushing, Michigan and stole marijuana and cash at gunpoint. One of the victims at the home possessed the marijuana and had been selling it. During the robbery, the robbers used firearms to pistol whipped some victims and pointed guns at the victims. Police spoke with the victims, and one of them was able to identify Anthony Zymere Brown as being one of the robbers. The robbery was also recorded on surveillance video, and the video corroborates the victims' statements to police. The video depicts two victims speaking immediately after the robbery and one of the victim states that he was able to identify one of the robbers as "AB," which is a nickname for Anthony Brown.

## PROBABLE CAUSE

5. On May 21, 2025, at approximately 11:57 pm, Flushing Police were dispatched to a home located in Flushing, MI, after an armed robbery occurred at that home.

6. Upon arrival, police contacted Victim-1. Immediately, police observed that Victim-1 was bleeding profusely from his head. Victim-1 stated he was sitting

in the garage when four black men wearing masks came into the garage. Victim-1 added he saw all four men were armed with pistols. The armed men yelled at Victim-1 to open the door. Victim-1 complied and opened the south door to the residence. Once inside, one of the robbers pistol-whipped Victim-1 and ordered Victim-1 to hand over his money. Victim-1 estimated he turned over about $150. A robber ordered Victim-1 onto the ground and threatened to shoot Victim-1 if he did not comply. Victim-1 stated that a robber pushed Victim-1 down a flight of stairs to the basement and Victim-1 lost consciousness. Police observed a large pool of blood on the basement steps, and Victim-1's injuries appeared to be consistent with Victim-1's account.

7. Police then spoke with Victim-2. Victim-2 also had injuries to his face and head consistent with being hit with a pistol. Victim-2 stated he was in the bathroom when he "heard pounding on the door." Victim-2 thought it was Victim-1, but suddenly saw a black man wearing a ski mask and holding a pistol. The armed man ordered Victim-2 to the ground and demanded to know the location of his money. The armed man then pistol-whipped Victim-2. The armed man pointed his pistol at Victim-2 and directed Victim-2 to the living room, where Victim-2 remained until the robbers left. Victim-2 said that the robbers took approximately one and a half pounds of marijuana, a coin collection, and approximately $2,600 in cash from Victim-2's room. Victim-2 had the marijuana in a large tote container,

and the coins in a separate tote. Based on my training and experience, I know that one and a half pounds of marijuana is an amount consistent with distribution and not personal use.

8.  Police also spoke with Victim-3. Victim-3 stated she was sleeping with her two children in the bedroom she shares with Victim-2. Victim-3 said she was awoken to three masked men wearing black clothing coming into her room yelling, "Get on the fucking ground." Victim-3 said one of the robbers pointed a gun at her and her infant child and demanded that Victim-3 tell him where the money was. A robber then pointed a gun at Victim-3, grabbed her, and forced her into the living room where she stayed until the robbers left.

9.  Police also spoke with Victim-4. Victim-4 was sleeping on the couch in the living room and woke up and saw three masked black men holding black pistols. A robber ordered Victim-4 to the ground next to Victim-2. Victim-4 saw the robbers enter Victim-2 and Victim-3's room. Victim-4 also saw a robber grab Victim-3 and throw her onto the ground next to Victim-2 and Victim-4.

10.  Victim-2 told officers that he had a hidden camera in his room. Other officers and I have reviewed video from the camera which depicted some of the robbery. This video corroborated the statements provided by Victim-2 and Victim-3. The video showed that after the robbery Victim-2 sated that he thought one of the suspects was a man he called "AB," Victim-2 said he could tell it was AB, even

4

though the suspect had a mask on. On the video, Victim-2 stated to Victim-3 that he could "tell the cops exactly who the fuck it is. I got his phone number in my phone right now. I looked at his face. I seen his eyes. It's AB and [another person] that were over literally the other day. I been hooking them up for cheap ass halves."

11. Victim-1 spoke with police and provided additional information. Victim-1 stated he could identify one of the suspects as "AB," and stated AB's phone number was (810) 588-****. Victim-1 stated that he knows "AB" from previous encounters, and added that within several weeks prior to the robbery, "AB" had been to the victims' residence several times.

12. Law enforcement databases and public source databases also show the number (810) 588-**** belonged to Anthony Zymere Brown.

13. I conducted an additional interview with Victim-2. Victim-2 stated he was, "100%" certain that "AB" was one of the suspects involved. When asked how why he believed this, Victim-2 stated he sells marijuana to various people, including "AB." Victim-2 went on to say he has sold to AB on six occasions, each time selling around one (1) ounce of marijuana to him. The first time Victim-2 met and sold "AB" marijuana was May 13, 2025 and the last being May 19, 2025. Those encounters were all face-to-face, and occurred at Victim-2's residence. When asked about the mask this suspect was wearing, Victim-2 said it did not cover the suspect's whole face. Victim-2 added he identified "AB" by his eyes, voice, height, stature,

and clothing he was wearing.

14. When asked about Victim-2 selling marijuana, Victim-2 said he sells about around 2 ½ ounces of marijuana a day to different people. Victim-2 repeated he had about 1½ lbs of marijuana left, which was stolen. Victim-2 also had a coin collection, and about $2,600 stolen during this incident.

15. Victim-2 went on to say he communicated with "AB" via his phone, as they would text/call about quantity, prices, and plan with regards to buying/selling marijuana. Victim-2 confirmed AB's phone number as (810) 588-****.

16. I requested and obtained a photo lineup from Michigan State Police Intelligence Unit for Anthony Zymere Brown reference this investigation. I later presented these photographs to Victim-2.

17. Prior to displaying the photographs, I advised Victim-2 that appearance, such as weight, hair, tattoos, clothing, etc. are all things that can be changed. Vivtim-2 was also told that if he/she was unsure, to indicate such.

18. I then displayed photo #1 (Anthony Brown) to Victim-2. Victim-2 positively identified Brown as one of the suspects that committed this home invasion. Victim-2 then circled the corresponding number and wrote his/her initials indicating a positive identification.

19. I am aware that marijuana is a controlled substance and that the

robbery of a drug dealer of drugs or drug proceeds interferes with commerce. *Taylor v. United States*, 579 U.S. 301, 310 (2016).

## CONCLUSION

20. Based on the facts set forth in this affidavit, there is probable cause to believe that on May 21, 2025, in the Eastern District of Michigan Anthony Zymere Brown committed a violation of 18 U.S.C. § 1951 (interference with commerce by robbery) and 18 U.S.C. § 924(c) (use of a firearm during and in relation to a crime of violence).

Respectfully submitted,

Nathan Sutara
Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sworn to before me and signed in my presence and/or by reliable electronic means.

Hon. Curtis Ivy, Jr.
United States Magistrate Judge

Dated: 10/1/2025

7